Spalding, J.
The action is that of debt upon a record. The plea says there is no such record. The record is offered in evidence, and objections are raised to its validity, which we will proceed to consider.
It is claimed that the court in Kentucky had no jurisdiction; and, consequently, that the decree is void and cannot be en forced.
The bill filed in the Louisville court makes a clear cáse for *437 the interposition of a court of chancery, if jurisdiction be conceded. It seeks to rescind a contract for the purchase of land, entered into by the complainant with the defendants Moore & Green, and to recover back the money paid, and enjoin ■Clark from collecting certain notes assigned to him by Moore & Green, for the reason that, the vendors are unable to make to the purchaser a title to the land.
The court decreed a rescisión of the contract between Adie, Moore & Green; and that Moore & Green pay Adie back $1190; and enjoined Clark from collecting the notes assigned' to him, which formed a part of those given for the land.
The land lay in Indiana, and Moore & Green, it is said, were citizens of Cincinnati.
It may be that at the time the suit was instituted in the Louisville court, the defendants Moore & Green, could have interposed a plea to the jurisdiction, which would have been •available; but they saw fit to waive any objections of that sort, .and did, in fact, file their joint answer to the bill. They chose to contest the case upon its merits, and by voluntarily making themselves parties, are bound by the decree, until it be reviewed and reversed, or impeached for fraud.
There is another objection taken to the record, which we regard as rather specious than solid, and it is this:
The court decreed that the defendants should pay the costs of suit, without specifying the amount in the decree. The true sum appears, however, from the clerk’s certificate, and we are disposed to recognize that as sufficient.
The real defendants who caused the litigation, were Moore & Green, who sold the land and failed to make title. The ■defendant Clark was made so barely for the purpose of enjoining him from collecting the notes, which he held by the assign ment of Moore & Green, against the complainant. He ought not to pay costs, -and it is not reasonable to suppose that the ■court so intended.
We now approach the real question in the case, and feel dis posed to treat it with respect, inasmuch as it has called forth *438 conflicting opinions from eminent jurists, both in England and the United States.
Can an action of debt be maintained on a decree in chancery, for the payment of money ?
Formerly the current of authorities in England was opposed to the doctrine. And this opposition, it is said, sprung from the jealousy with which the common law judges regarded the innovations of the chancellor upon their practice and jurisdiction.
We are not, however, without adjudged cases in favor of the proposition, even in England. In Sadler v. Robbins, (1 Camp. 253,) which was an action on a decree of the high court of chancery, in the island of Jamaica, Lord EUenborough said: “ Had the decree been perfected, I would have given effect to it as well as to a judgment at common law.”
It appeared that the decree had not been made up so that it could be ascertained how much was actually due.
In Henly v. Soper, (8 Barn. & Cresw. 16,) which was debt on a decree in a colonial court, Lord Tenterden,' C. J., said : “ There is a great difference between the decree of a colonial court, and a court of equity in this country. The colonial court cannot enforce its decrees here — a court of equity in this country may; and, therefore, in the latter case there is no occasion for the interference of a court of law — in the former, there is, to prevent a failure of justice. In the case of Sadler v. Robbins, the sum due on the decree was left indefinite, but Lord EUenborough said, that had the decree been perfected, he “ would have given effect to it as well as to a judgment at common law.”
Holroyd, J., said: “ But for the case before Lord EUenborough, I should have entertained some doubts upon the present question. That, however, is an authority in favor of an action upon the decree of a foreign court of equity, if duly perfected.” The other judges of the king’s bench concurred, and the action was sustained.
In Post and La Rue v. Neafie, 3 Caine’s 22, the supreme *439 court of New York decided, after full consideration, that debt will lie on a decree of a court of chancery in a sister state, if it be simply for the payment of a sum of money by the defendant, without any acts to be done by the plaintiff.
The same principle-is recognized in Dubois v. Dubois, 6 Cowen 494.
The supreme court of Pennsylvania has decided that an action at law is maintainable, in that state, on a decree of a court of equity in Tennessee, for the payment of money. Evans v. Tatem, 9 Serg. & Rawle 252. Chief Justice Tilghman, in the conclusion of his opinion, says: “ In Pennsylvania, the courts should be extremely cautious in establishing the principle that an action will not lie for a sum of money decreed to be paid by courts of equity in other states. Yery urgent cases may arise, where crying injustice would be done, if relief were denied.”
Howard v. Howard, 15 Mass. 196, was a debt on a decree of divorce ordering the defendant to pay alimony. On demurrer to the declaration, the defendant contended that debt would not lie, there being no judgment according to the course of the common law. The court say, “ There seems to be no reason why debt should not lie. The debt is certain, and it is proved by record ; and the decree is, in effect, as much a judgment as if rendered on the common law side of the court.”
In McKein v. Odorn, 3 Fairfield 94, the supreme court of Maine decide that “ an action of debt will lie as well on a decree, of a court of chancery, in another state, for the payment of money only, as on a judgment of a court whose proceedings are according to the course of common law.”
But we- have an authority in point directly from the state where the decree we are considering was rendered; and we should be wanting in courtesy, to say nothing of our duty, if we refused the same aid to carry into effect a decree of the chancery court in Kentucky which the courts of that state were accustomed to extend to us and others of her sister states.
In Williams v. Preston, 3 J. J. Marshall’s Rep., the court *440 of Appeals in Kentucky determined that an action of debt would lie on a decree made by the chancery court in Virginia; and Chief Justice Robertson, in delivering the opinion of the court, says with great good sense, “ Although there may have been a time when the common law judge would not have sustained an action of debt on a decree, it is not so now. A judgment is but record evidence of a debt. A decree is also record evidence of the existence of a debt. And an action of debt may be main tained as well on the one as on the other, because each is equal ly the evidence of a debt, and therefore, upon principle, should be equally the foundation of the same action.”
By force of statutory regulations in Ohio, “ a decree of either of our courts, sitting in chancery, is to have the force, operation and effect of a judgment at law.” Swan’s Stat. 708.
If the lex fori, is to govern the case we are considering, there will be no room for doubt. But we are disposed to meet the broad question and to settle it upon principle.
We feel the weight of the authorities cited on the negative of the question by the learned counsel for defendant, especially those of 2 Blackford and 8 Wheaton, hut we are unanimously of opinion that sound policy as well as safe precedent calls upon us to recognize as a rule of practice in Ohio, that an action ■of debt may be sustained in our courts upon a decree for the payment of money rendered in a court of chancery in a sister estate. And unless the contrary be made to appear, we will presume that every such decree is regarded in the state where it may have been rendered as having the force and effect of a judgment at law.
The judgment of the supreme court for Hamilton county is affirmed.