RURAL ELECTRIC COOPERATIVES — DOCUMENTARY STAMP TAX 1. Rural electric cooperatives are exempt from payment of the documentary stamp tax imposed by 68 O.S. 5101 [68-5101] (1969). 2. The documentary stamp tax is collectible from either the grantor or grantee of a conveyance covered by the act and where one party to the conveyance is exempt from payment of the tax and the other party is not, the tax will be the obligation of the non-exempt party. The Attorney General has had under consideration your letter of August 27, 1970, in which you inquire, in effect: 1. Does the documentary stamp tax imposed by 68 O.S. 5101 [68-5101] (1969), require documentary stamps to be placed on a conveyance to a rural electric cooperative? 2. Does a conveyance executed by a rural electric cooperative require such stamps to be placed thereon? Implicit in your letter is a third question: 3. If you find that documentary stamps should be placed on conveyances mentioned in either question one or two, whose obligation is it to pay the tax? You point out the cooperatives say they are not required to pay the tax by reason of other statutory exemptions. As the basis for their claims of exemption, the cooperatives cite 18 O.S. 437.25 [18-437.25] (1969); 68 O.S. 1214 [68-1214] (1969); and 68 O.S. 1803 [68-1803] (1969). It is not necessary for us to quote 18 O.S. 437.25 [18-437.25] (1969), since it is similar to 68 O.S. 1214 [68-1214] (1969), which provides: "1214. Exemption from excise and income taxes—License fee. Each co-operative and each foreign corporation transacting business in this State pursuant to the Rural Electric Co-operative Act (18 O.S. 437 [18-437] — 18 O.S. 437.30 [18-437.30] (1961)) shall pay annually, on or before the thirty-first day of August, to the Tax Commission, a fee of One Dollar ($1.00) for each one hundred (100) persons or fraction thereof to whom electricity is supplied within the State by it, as of June thirtieth preceding, but shall be exempt from all other excise and income taxes whatsoever." (Emphasis supplied) Title 68 O.S. 1803 [68-1803] (1969), states: " 1803. Tax levied — Rate — Payment monthly — In lieu of other taxes. There is hereby levied on each Co-operative an annual tax which shall equal two per centum (2%) of the gross receipts derived by it from the sale and distribution of electric energy during the calendar year. The tax hereby levied shall be payable monthly according to, and as and when the statements shall be made as required in Section 2 of this Act. The tax so levied or so imposed shall, when paid as herein provided, be in full and in lieu of any and all other taxes imposed by the State, counties, cities, towns, townships, school district, and other municipalities or political subdivisions of the State on the property of each such co-operative." (Emphasis supplied) Without attempting to distinguish whether the documentary stamp tax is an excise tax or a property tax, it appears to be the intent of the Legislature to grant exemption to these cooperatives from any tax which falls into either category. 51 Am.Jur. Taxation, 24, tells us: "Taxes fall naturally into three classes; namely, capitation or poll taxes, taxes on property, and excises. By definition, capitation or poll taxes are taxes of a fixed amount upon all the persons, or upon all the persons of a certain class, resident within a specified territory, without regard to their property or the occupations in which they may be engaged." Since the stamp tax is not a capitation or poll tax, by exclusion, then, it would be either an excise tax or a property tax, neither of which the cooperative would have to pay. Our conclusion that the rural electric cooperatives are not liable for the payment of the documentary stamp tax does not mean, however, that conveyances to or from them do not require the stamps. Title 68 O.S. 5101 [68-5101] (1969), imposes the tax and reads: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." Title 68 O.S. 5103 [68-5103] (1969), tells us who is obligated to pay the tax. It provides: "The taxes imposed by Section 1 of this act shall be paid by any person who makes, signs, issues, or sells any of the documents and instruments subject to the taxes imposed by Section 1, or for whose use or benefit the same are made, signed, issued or sold. The State of Oklahoma or any agency or instrumentality thereof shall not be liable for the tax with respect to an instrument to which it is a party, and affixing of stamps thereby shall not be deemed payment for the tax which may be collected by assessment from any other party liable therefor." Section 5103 places the obligation for payment of the tax on either the grantor or grantee of a conveyance to which Section 5101 applies. Endler v. United States, 110 F. Supp. 945 (D.N.J. 1953). As we pointed out in our Opinion No. 70-264, dated August 28, 1970, this documentary stamp tax is a revenue raising measure and the tax was intended by the Legislature to apply unless a specific exemption is applicable. Since it is our opinion that rural electric cooperatives are exempt from payment of the stamp tax but the tax is collectible from either the grantor or grantee of a conveyance mentioned as taxable in the act, the tax obligation will normally fall on the other party. In answer to your questions, it is therefore the opinion of the Attorney General that: 1. Conveyances to rural electric cooperatives are not exempt from the documentary stamp tax imposed by 68 O.S. 5101 [68-5101] (1969), simply because they are conveyances to rural electric cooperatives. 2. Conveyances made by rural electric cooperatives are not exempt from the documentary stamp tax simply because they are made by rural electric cooperatives. 3. The documentary stamp tax is collectible from either the grantor or grantee of a conveyance covered by the act and where one party is exempt from payment of the tax and the other party is not, the tax will be the obligation of the non-exempt party. (NORMAN CANNON)