ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER ASKING FOR AN INFORMAL OPINION ON THE FOLLOWING QUESTION:
 DO THE PROVISIONS OF 18 O.S. 437 (1981) ET SEQ., PROHIBIT A RURAL ELECTRIC COOPERATIVE FROM PAYING PER DIEM AND EXPENSES TO MEMBERS OF THE BOARD OF TRUSTEES FOR ATTENDANCE AT MEETINGS OF THE BOARD, COMMITTEE MEETINGS, CONFERENCES, SEMINARS AND OTHER FUNCTIONS DULY AUTHORIZED BY THE BOARD OF TRUSTEES OR THE MEMBERSHIP?
YOUR QUESTION ARISES OUT OF CONCERN AS TO THE PROPER CONSTRUCTION OF 437.8(A), WHICH PROVIDES THAT THE "BUSINESS AND AFFAIRS OF A COOPERATIVE SHALL BE MANAGED BY A BOARD OF NOT LESS THAN FIVE (5) TRUSTEES," AND THAT:
 "WITHOUT APPROVAL OF THE MEMBERS, TRUSTEES SHALL NOT RECEIVE ANY SALARIES FOR THEIR SERVICES AS TRUSTEES. THE BYLAWS MAY, HOWEVER, PROVIDE THAT A FIXED FEE AND EXPENSES OF ATTENDANCE, IF ANY, MAY BE ALLOWED TO EACH TRUSTEE FOR ATTENDANCE AT EACH MEETING OF THE BOARD OF TRUSTEES."
IN ESSENCE, THE ISSUE IS WHETHER THE FOREGOING STATUTE IN EFFECT PROHIBITS A FIXED FEE AND/OR EXPENSES TO MEMBERS OF THE BOARD OF TRUSTEES WHEN THE MEMBER ATTENDS MEETINGS, CONFERENCES, SEMINARS, AND OTHER FUNCTIONS AS AUTHORIZED BY THE MEMBERSHIP OR THE BOARD. THAT IS, (1) DOES THE PROHIBITION AGAINST SALARIES ACT TO PRECLUDE BOARD MEMBERS FROM RECEIVING PER DIEM OR REIMBURSEMENT OF EXPENSES, FOR ATTENDANCE AT VARIOUS BOARD FUNCTIONS OTHER THAN BOARD MEETINGS; AND, (2) DOES THE AUTHORITY TO PAY A FIXED FEE FOR ATTENDANCE OF BOARD MEETINGS BY IMPLICATION PRECLUDE PER DIEM OR FIXED FEE PAYMENTS FOR ATTENDANCE AT OTHER SIMILAR FUNCTIONS?
IT IS WELL SETTLED THAT IN CONSTRUING ACTS OF THE LEGISLATURE, LEGISLATIVE INTENT SHOULD BE ASCERTAINED AND GIVEN EFFECT, AND, TO ASCERTAIN THAT INTENT, ALL OF THE VARIOUS PROVISIONS OF LEGISLATIVE ENACTMENTS UPON A PARTICULAR SUBJECT SHOULD BE CONSTRUED TOGETHER AND GIVEN EFFECT AS A WHOLE. SEE IN RE BLAIN, 172 P.2D 795 (OKLA. 1946). AS YOU NOTE IN YOUR LETTER, WE HAVE THE BENEFIT OF A SPECIFIC STATUTE WHICH TELLS US OF THE LEGISLATURE'S IN EXAMINING THE STATUTES GOVERNING COOPERATIVES. SECTION 18 O.S. 437.29 OF TITLE 18 PROVIDES:
 THIS ACT SHALL BE CONSTRUED LIBERALLY. THE ENUMERATION OF ANY OBJECT, PURPOSE, POWER, MANNER, METHOD, OR THING SHALL NOT BE DEEMED TO EXCLUDE LIKE OR SIMILAR OBJECT, PURPOSES, POWERS, MANNER, METHODS OR THINGS.
BY VIRTUE OF THE LANGUAGE OF 18 O.S. 437.8(A), IT APPEARS CLEAR THAT FIXED FEES AND EXPENSES FOR ATTENDANCE AT BOARD MEETINGS WAS NOT DEEMED BY THE LEGISLATURE TO BE "SALARY." MOREOVER, 18 O.S. 437.29 MAKES CLEAR THAT THE ENUMERATION OF THE AUTHORITY, OF THE BOARD TO RECEIVE EXPENSES AND A FIXED FEE FOR ATTENDANCE AT BOARD MEETINGS MAY NOT BE CONSTRUED TO EXCLUDE OR LIMIT THE BOARD'S AUTHORITY TO RECEIVE SUCH MONIES UNDER OTHER CIRCUMSTANCES.
THE DISTINCTION BETWEEN SALARY AND REIMBURSEMENT FOR EXPENSES, EVEN AT A FIXED RATHER THAN AT AN ACTUAL RATE, HAS BEEN RECOGNIZED BY OUR SUPREME COURT IN OTHER DIFFERENT BUT ANALOGOUS CONTEXTS. SEE SPEARMAN V. WILLIAMS, 415 P.2D 597, 601 (OKLA. 1966), HOLDING THAT SALARY IS INTENDED TO CONVEY THE IDEA OF REWARD FOR, OR COMPENSATION FOR OFFICIAL SERVICES; THAT IT DOES NOT CONVEY THE IDEA OF THE REPAYMENT OF EXPENDITURES ALLOWABLE BY LAW. WHILE AT SOME POINT IT MAY BECOME EVIDENT THAT A FIXED FEE (OR PER DIEM) PAYMENT REPRESENTS A SUM IN EXCESS OF THE LEGITIMATE EXPECTATION OF A BOARD MEMBER FOR REIMBURSEMENT OF HIS OR HER COSTS ASSOCIATED WITH ATTENDANCE OF FUNCTIONS RELATING TO HIS OR HER OFFICIAL DUTIES AND RESPONSIBILITIES, THAT DETERMINATION IS A FACTUAL ONE WHICH LIES, FIRST, WITH THE BOARD ITSELF, THEN WITH THE COOPERATIVE MEMBERSHIP.
THERE REMAINS HOWEVER THE QUESTION WHETHER, IN LIGHT OF THE STATUTORY PROVISION THAT A FIXED FEE AND EXPENSES MAY BE ALLOWED A TRUSTEE FOR ATTENDANCE AT BOARD MEETINGS WHERE THE BYLAWS SO PROVIDE, SUCH EXPENSES MAY NOT BE ALLOWED UNLESS THE BYLAWS AUTHORIZE THEM. IT IS MY UNDERSTANDING FROM YOUR LETTER THAT THE BYLAWS DO PROVIDE FOR THESE REIMBURSEMENTS FOR BOARD MEETINGS, THUS THIS LETTER ADDRESSES ONLY THE ISSUE OF WHETHER THE BYLAWS MUST PROVIDE FOR EXPENSES OUTSIDE THOSE SPECIFICALLY ENUMERATED BY THE STATUTE.
THIS QUESTION MAY BE APPROACHED IN AT LEAST TWO WAYS. FIRST, AS WE HAVE NOTED PREVIOUSLY HEREIN, THE LAW ITSELF REQUIRES US TO CONSTRUE ITS PROVISIONS BROADLY. 18 O.S. 437.29, SUPRA. TO IMPOSE A REQUIREMENT OVER AND ABOVE THOSE THE LEGISLATURE HAS SEEN FIT TO IMPOSE WOULD BE CONTRARY TO THE EXPRESSED LEGISLATIVE INTENT. MOREOVER, WHILE THE LEGISLATURE MAY BE DEEMED TO HAVE REQUIRED AUTHORIZATION FROM THE BYLAWS FOR EXPENSES ASSOCIATED WITH ATTENDANCE AT BOARD MEETINGS (A QUESTION WE DO NOT ADDRESS) IT IS OTHERWISE A GENERALLY ACCEPTED PRINCIPLE OF CORPORATE LAW THAT AN OFFICER OR DIRECTOR OF A CORPORATION HAS A RIGHT TO BE REIMBURSED FOR MONEY PROPERLY ADVANCED OR EXPENSES NECESSARILY INCURRED FOR THE CORPORATION. THERE IS NO PRESUMPTION THAT SUCH EXPENDITURES WERE MADE GRATUITOUSLY, BUT THE EXPENSES INCURRED MUST RESULT PROXIMATELY FROM THE EXECUTION OF THE DUTIES INVOLVED IN THE OFFICE. SEE 18B AM. JUR. 2D CORPORATIONS 1897 AND CITATIONS THEREIN; FLIGHT EQUIPMENT AND ENGINEERING CORP. V. SHELTON, 103 SO.2D 615 (FLA. 1958), HOLDING WHERE REASONABLE EXPENSES ARE INCURRED BY A CORPORATE OFFICER IN THE PERFORMANCE OF HIS CORPORATE DUTIES, AND PERFORMANCE OF HIS CORPORATE DUTIES ARE OF BENEFIT TO THE CORPORATION, THE OFFICER IS LEGALLY ENTITLED TO BE REIMBURSED THEREFOR UNDER THE THEORY OF IMPLIED CONTRACTS. AS COOPERATIVE ASSOCIATIONS ARE ORGANIZED IN CORPORATE FORM AND ARE THEREFORE BASICALLY A CORPORATION, THE GENERAL LAWS RELATING TO CORPORATIONS APPLY ALSO TO COOPERATIVES. SEE 18 AM. JUR. 2D COOPERATIVE ASSOCIATIONS 12, AND CASES CITED THEREIN.
WHILE THERE IS SOME ROOM TO INTERPRET THE PROVISIONS OF 18 O.S. 437.8(A) DIFFERENTLY, THE FOREGOING PROVIDES, IN MY OPINION A SOUND LEGAL BASIS FOR THE BOARD'S LONGSTANDING INTERPRETATION OF THE SCOPE OF ITS AUTHORITY. AS YOU NOTE IN YOUR LETTER, THIS PRACTICE HAS BEEN ONGOING SINCE THE INCEPTION OF COOPERATIVES. THE MEMBERSHIP'S ACQUIESCENCE IN THIS INTERPRETATION IS NOT WITHOUT RELEVANCE AS WELL.
(SUSAN BRIMER LOVING)