Dear Representatives, Cox
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Is a trustee of a rural electric cooperative a public officerfor the purposes of the prohibition against dual office holdingcontained in 51 O.S. 6 (1989)?
¶ 1 The dual office holding statute provides:
 Except as may be otherwise provided, no person holding an office under the laws of this state and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
Title 51 O.S. 6 (1989).
¶ 2 There are numerous Attorney General Opinions regarding the above cited statute which interpret the statutory prohibition against dual office holding. See A.G. Opin. No. 82-189; A.G. Opin. No. 78-171; A.G. Opin. No. 80-127.
¶ 3 The case of Oklahoma City v. Century Indemnity Co.,62 P.2d 94 (Okla. 1936), enunciates a test to determine whether an individual is a public officer or employee. The Oklahoma City
test has been applied in both case law and Attorney General Opinions. State v. Sowards, 82 P.2d 324 (Okl.Cr. 1938); Lizarv. State, 166 P.2d 119 (Okl.Cr. 1946); A.G. Opin. No. 84-102; A.G. Opin. No. 85-151.
¶ 4 The Oklahoma City test should be applied only to determine whether an individual is an officer rather than employee of a governmental entity. Rural electric cooperatives are non-profit, private corporations organized for the purpose of supplying electric energy to rural areas. 18 O.S. 437.1 (1989) et seq. Unlike the trustee of a public entity, a rural electric cooperative trustee responds not to the needs of the general public but to the cooperative members and the duties prescribed in the corporate bylaws. Although rural electric cooperatives are considered to be public utilities because they provide services considered necessary to the public, they still retain their status as a private cooperative corporation. Public ServiceCompany v. Caddo Electric Cooperative, 479 P.2d 572 (Okla. 1971).
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that a trustee of a rural electric cooperative is not apublic officer for the purposes of the prohibition against dualoffice holding contained in 51 O.S. 6 (1989), because ruralelectric cooperatives created pursuant to 18 O.S. 437.1(1989) et seq., are private corporations and not governmentalentities. A.G. Opin. No. 83-158 is hereby withdrawn.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
RACHEL LAWRENCE-MOR ASSISTANT ATTORNEY GENERAL