THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OPINION ASKING, IN EFFECT:
 DOES OKLAHOMA LAW PROHIBIT THE REBATING OF EXCESS REVENUES BY NONPROFIT CORPORATIONS TO THEIR MEMBERS?
SHORTLY AFTER WE RECEIVED YOUR REQUEST, I MET WITH REPRESENTATIVES OF A GROUP OF NON-PROFIT CORPORATIONS WHICH WILL BE EFFECTED BY THE RESOLUTION OF YOUR QUESTION. THESE REPRESENTATIVES EXPLAINED THAT IT WAS YOUR HOPE THAT AN ATTORNEY GENERAL'S OPINION COULD SATISFACTORILY ADDRESS THE QUESTION, BUT THAT, IF NECESSARY, LEGISLATION MIGHT BE POSSIBLE. IT HAS BECOME APPARENT THAT A LEGISLATIVE SOLUTION IS THE BEST ROUTE TO RESOLUTION.
IN THE MONTHS THAT HAVE PASSED SINCE THAT MEETING, THIS OPINION HAS BEEN TO OPINION CONFERENCE THREE TIMES, HAS UNDERGONE AT LEAST FIVE MAJOR REVISIONS, AND STILL THE OPINION CONFEREES REMAIN SHARPLY DIVIDED. IT HAS BECOME APPARENT, AFTER THIS THIRD PRESENTATION AT OPINION CONFERENCE, THAT THERE ARE INHERENT AMBIGUITIES, BOTH LEGAL AND FACTUAL, UNDERLYING THIS QUESTION WHICH MAKE RESOLUTION THROUGH AN OPINION OF THE ATTORNEY GENERAL INAPPROPRIATE.
THE CONCERN REPEATEDLY EXPRESSED BY MEMBERS OF THE OPINION CONFERENCE WAS THAT ANY NONPROFIT CORPORATION IN OKLAHOMA, NOT JUST THOSE TO WHOM WE HAVE SPOKEN AND EXPRESSED OUR UNCERTAINTIES, MIGHT RELY ON AN OPINION FROM OUR OFFICE AS AUTHORIZATION TO BEGIN ISSUING "REBATES" TO THEIR MEMBERS. EVEN IF REBATES ARE SOMETIMES PERMISSIBLE UNDER OKLAHOMA LAW, THERE WILL ALWAYS BE THE QUESTION OF WHETHER OR NOT ANY SPECIFIC PAYMENT IS A REBATE OR IS, INSTEAD "PECUNIARY GAIN" WHICH NONPROFIT CORPORATIONS ARE PROHIBITED UNDER OKLAHOMA LAW FROM DISTRIBUTING TO THEIR MEMBERS. THE SERIOUS TAX CONSEQUENCES WHICH COULD RESULT FROM AN OPINION OF THIS OFFICE BEING OVERTURNED, OR BEING FOUND INAPPLICABLE IN BROADER FACTUAL CIRCUMSTANCES THAN THOSE GIVING RISE TO YOUR REQUEST, ARGUE AGAINST THE ISSUANCE OF AN OPINION TO RESOLVE THIS QUESTION. I AM HOPEFUL THAT THE DISCUSSION I HAVE SET OUT BELOW WILL HELP TO EXPLAIN WHY A LEGISLATIVE RESOLUTION TO YOUR QUESTION WOULD BE MORE APPROPRIATE.
BECAUSE OKLAHOMA LAW DOES NOT EXPLICITLY ADDRESS THE REBATING OF EXCESS REVENUES BY NONPROFIT CORPORATIONS, IT IS NECESSARY TO LOOK TO HOW OKLAHOMA LAW DEFINES NONPROFIT CORPORATIONS. SINCE NOVEMBER 1, 1986, THE CREATION AND OPERATION OF NONPROFIT CORPORATIONS, LIKE MOST CORPORATIONS IN OKLAHOMA, HAS BEEN GOVERNED BY THE OKLAHOMA GENERAL CORPORATION ACT, 18 O.S. 1001 (1990) ET SEQ. THE OKLAHOMA GENERAL CORPORATION ACT DOES NOT CONTAIN A SPECIFIC DEFINITION OF A NONPROFIT CORPORATION. THE OKLAHOMA NONPROFIT CORPORATION ACT, 18 O.S. 851 (1981) ET AL., WHICH GOVERNED OKLAHOMA NONPROFIT CORPORATIONS UNTIL 1986, CONTAINED A SPECIFIC DEFINITION WHICH READ AS FOLLOWS:
 "NONPROFIT CORPORATION" MEANS A CORPORATION FORMED FOR A PURPOSE NOT INVOLVING PECUNIARY GAIN TO IT SHAREHOLDERS OR MEMBERS, PAYING NO DIVIDENDS OR OTHER PECUNIARY REMUNERATION DIRECTLY OR INDIRECTLY TO ITS SHAREHOLDERS OR MEMBERS AS SUCH, AND HAVING NO CAPITAL STOCK."
THIS SPECIFIC DEFINITION WAS NOT RETAINED AS PART OF THE GENERAL CORPORATION ACT. INSTEAD, 18 O.S. 1006(7), THE SUCCESSOR TO 18 O.S. 851 OF THE NONPROFIT CORPORATION ACT, SIMPLY REQUIRES THAT THE CERTIFICATE OF INCORPORATION OF A NONPROFIT CORPORATION MUST PROVIDE THAT THE NONPROFIT CORPORATION "DOES NOT PROVIDE PECUNIARY GAIN, INCIDENTALLY OR OTHERWISE, TO ITS MEMBERS."
TO ADDRESS YOUR QUESTION, THEN, ONE MUST DETERMINE WHETHER THE PROVISIONS OF 18 O.S. 1006(7) WHICH DECLARE THAT A NONPROFIT CORPORATION CANNOT PROVIDE PECUNIARY GAIN, INCIDENTALLY OR OTHERWISE, TO ITS MEMBERS EFFECTIVELY PROHIBITS THE REBATING OF EXCESS REVENUES. THAT IS, ARE REBATES PROHIBITED "PECUNIARY GAIN"?
ALTHOUGH THE OKLAHOMA COURTS HAVE NEVER SPECIFICALLY ADDRESSED THE ISSUE OF WHETHER OKLAHOMA NONPROFIT CORPORATIONS MAY RETURN EXCESS REVENUES IN THE FORM OF REBATES TO ITS MEMBERS, THE OKLAHOMA LEGISLATURE HAS EMPOWERED NONPROFIT CORPORATIONS, FORMED FOR SPECIFIC PURPOSES, TO RETURN EXCESS REVENUES IN THE FORM OF REBATES. THE FIRST EXAMPLE OF THIS LEGISLATIVE EMPOWERMENT CAN BE FOUND IN 2 O.S. 332 (1981). THIS STATUTE PROVIDES FOR THE CREATION OF NONPROFIT ASSOCIATIONS FOR THE MARKETING OF AGRICULTURAL AND HORTICULTURAL PRODUCTS. TITLE 2 O.S. 347 EXPLICITLY PERMITS THESE NONPROFIT ASSOCIATIONS TO REFUND EXCESS REVENUES TO THEIR PATRONS.
AGAIN IN THE RURAL ELECTRIC COOPERATIVE ACT, 18 O.S. 437 ET AL. THE LEGISLATURE PROVIDED FOR THE ORGANIZATION OF COOPERATIVE NONPROFIT MEMBERSHIP CORPORATIONS TO SUPPLY ELECTRICAL ENERGY TO RURAL OKLAHOMA. UNDER 18 O.S. 437.19, THESE NONPROFIT CORPORATIONS ARE MANDATED (UNLESS OTHERWISE VOTED BY THE MEMBERS) TO DISTRIBUTE EXCESS REVENUES AS PATRONAGE REFUNDS PRORATA TO THE MEMBERS.
THE FACT THAT THE LEGISLATURE HAS ACTED IN THE PAST TO CARVE OUT WHAT ARE, IN EFFECT, SPECIFIC AMENDMENTS TO THE POWERS OF NONPROFIT CORPORATIONS FORMED FOR THESE TWO LIMITED PURPOSES OR SPECIFIC EXEMPTIONS FROM THE PROHIBITIONS WHICH GENERALLY APPLY TO NONPROFIT CORPORATIONS WAS REPEATEDLY BROUGHT UP IN CONFERENCE AS A STRONG INDICATION THAT OKLAHOMA'S GENERAL CORPORATE LAW SHOULD BE READ TO PROHIBIT THIS TYPE OF REBATING IN ANY OTHER CIRCUMSTANCES.
ON THE OTHER HAND, IT IS CLEAR THAT COURTS OUTSIDE OKLAHOMA WHICH HAVE HAD AN OPPORTUNITY TO ADDRESS THE NATURE OF PATRON REBATES OF EXCESS REVENUES BY NONPROFIT CORPORATIONS MORE DIRECTLY, ALTHOUGH PRIMARILY IN THE AREA OF COOPERATIVES, HAVE FOUND SUCH REBATES CONSISTENT WITH NONPROFIT CORPORATE STATUS. IN GREENE COUNTY RURAL ELECTRIC COOPERATIVE V. NELSON, 12 N.W.2D 886 (IA. 1944), THE IOWA TAX COMMISSION ATTEMPTED TO COLLECT PROPERTY TAXES FROM RURAL ELECTRICAL COOPERATIVES ORGANIZED UNDER IOWA LAW. THE TRIAL COURT ENJOINED THE IOWA TAX COMMISSION BECAUSE RURAL ELECTRIC COOPERATIVES WERE EXEMPT FROM THE PROPERTY TAX AS NONPROFIT CORPORATIONS. THE IOWA SUPREME COURT HELD THAT THE REBATE OF EXCESS REVENUES DID NOT CHANGE THE RURAL COOPERATIVES' NONPROFIT STATUS, AND STATED
WE ARE SATISFIED THAT THE PLAINTIFFS ARE NOT ORGANIZED OR OPERATED FOR PROFIT. . . . THE INCOME IS THAT RECEIVED FROM BUSINESS DONE WITH THE MEMBERS. ONLY MEMBERS ARE DEALT WITH. ANY NET EARNINGS ARE RETURNED ON THE BASIS, NOT OF MEMBERSHIP OR INVESTMENT, BUT OF BUSINESS DONE. IT IS LITERALLY NO MORE THAN THE RETURN OF AN OVERCHARGE ORIGINALLY ASSESSED TO PROVIDE A MARGIN OF SAFETY IN THE OPERATION OF BUSINESS.
IT APPEARS THAT THERE ARE AT LEAST SOME FACTUAL CIRCUMSTANCES UNDER WHICH OKLAHOMA LAW MIGHT NOT PROHIBIT THIS TYPE OF REBATING OF EXCESS REVENUES. THERE COULD BE SITUATIONS, FOR INSTANCE WHERE A NONPROFIT CORPORATION IS ACTING AS A COOPERATIVE, IN WHICH THE EXCESS REVENUES SUBJECT TO REFUND WOULD NOT BE CONSIDERED "PROFITS" OR "GAINS" BUT WOULD BE MORE PROPERLY VIEWED AS OVERCHARGES WHICH COULD, THEREFORE, BE REBATED AS REFUNDS RATHER THAN AS PROFITS OR PECUNIARY GAIN. BUT OKLAHOMA COURTS HAVE NOT YET HAD THE OPPORTUNITY TO ADDRESS THIS QUESTION, AND ANY NONPROFIT CORPORATION WHICH ACTED TO DISTRIBUTE EXCESS REVENUES AS REBATES UNDER THE AUTHORITY OF AN ATTORNEY GENERAL'S OPINION WOULD RISK THE LOSS OF NONPROFIT STATUS, WITH ALL OF THE TAX CONSEQUENCES THAT WOULD ENTAIL, UPON THE OVERTURNING OF THAT OPINION BY ANY DISTRICT COURT, OR SIMPLY BY A FINDING THAT IN A PARTICULAR INSTANCE, THE DISTRIBUTED MONEY WAS PROHIBITED PECUNIARY GAIN RATHER THAN A REBATE.
ULTIMATELY, ANY DETERMINATION BY THE ATTORNEY GENERAL THAT OKLAHOMA LAW DOES NOT ABSOLUTELY PROHIBIT NONPROFIT CORPORATE REBATES TO THE CORPORATE MEMBERS COULD NOT DETERMINE THE POTENTIAL TAX CONSEQUENCES OF SUCH REBATES NOR COULD IT GUARANTEE THAT A REBATE WILL BE PERMISSIBLE IN ANY SPECIFIC CASE. THE QUESTION WOULD REMAIN IN EACH INSTANCE IF THE PAYMENTS MADE BY THE NONPROFIT CORPORATION TO ITS MEMBERS WERE TRULY REBATES OR WHETHER, UNDER THE SPECIFIC CIRCUMSTANCES, THEY WOULD CONSTITUTE "PROFITS" OR "PECUNIARY GAIN" AS PROHIBITED IN 18 O.S. 1006(7) (1990). IN ESSENCE, THIS INABILITY TO ADDRESS SPECIFIC FACTUAL DETERMINANTS WOULD ROB AN ATTORNEY GENERAL'S OPINION ON THIS QUESTION OF ANY UTILITARIAN VALUE.
IN THREE SEPARATE OPINION CONFERENCES, THE LAWYERS FROM THIS OFFICE HAVE STRUGGLED TO FIND A WAY TO CRAFT AN OPINION WHICH STRIKES A BALANCE BETWEEN THE POSSIBILITY THAT DISTRIBUTION OF REBATES TO THE MEMBERS OF A NONPROFIT CORPORATION MAY SOMETIMES BE PERMITTED AND PROPER AND THE REALIZATION THAT OKLAHOMA LAW CLEARLY PROHIBITS THE DISTRIBUTION OF PECUNIARY GAIN BY NONPROFIT CORPORATIONS TO THEIR MEMBERS; WE HAVE BEEN UNABLE TO CRAFT SUCH AN OPINION. OUR CONCLUSION IS THAT THE LEGISLATURE COULD MORE EFFECTIVELY STRIKE THIS BALANCE. SPECIFIC LEGISLATION ALREADY EXISTS ALLOWING NONPROFIT CORPORATIONS FORMED FOR THE PURPOSES OF MARKETING AGRICULTURAL AND HORTICULTURAL PRODUCTS AND TO PROVIDE ELECTRICITY TO RURAL AREAS TO REBATE EXCESS REVENUES TO ITS MEMBERS. OTHER, SIMILARLY NARROW PROVISIONS COULD BE ENACTED TO PERMIT NONPROFIT CORPORATIONS FORMED FOR OTHER SPECIFIC PURPOSES TO REBATE EXCESS REVENUES.
(REBECCA RHODES)