RE: OPINION REQUEST REGARDING AUTHORITY OF RURAL ELECTRIC COOPERATIVE TO SELL ELECTRICITY TO GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS.
ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN OPINION ADDRESSING THE FOLLOWING QUESTION:
 UNDER THE PROVISIONS OF 18 O.S. 437.2(D), DOES A RURAL ELECTRIC COOPERATIVE HAVE THE POWER AND AUTHORITY TO SELL ELECTRIC ENERGY TO "GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS" AS A CONSUMER CLASS, SEPARATE AND APART FROM AND IN ADDITION TO THE CONSUMER CLASS OF "IN RURAL AREAS TO ITS MEMBERS?"
YOUR LETTER FURTHER INDICATES SPECIFIC CONCERN WITH THE SALE OF ELECTRIC ENERGY BY AN OKLAHOMA RURAL ELECTRIC COOPERATIVE TO AN OKLAHOMA MUNICIPALITY WHICH WOULD DISTRIBUTE AND RESELL SUCH ENERGY AT RETAIL TO ITS CUSTOMERS WITHIN THE MUNICIPALITY.
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO EXISTING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL; IT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
INITIALLY, YOU SHOULD BE AWARE OF THE POSSIBLE APPLICABILITY OF FEDERAL LAW TO THE QUESTION YOU HAVE POSED. SECTION 201 OF THE FEDERAL POWER ACT,16 U.S.C.A. 824(A) (WEST 1985 AND WEST SUPP. 1991), AS AMENDED BY THE PUBLIC UTILITY REGULATORY POLICIES ACT, PUB. L. NO. 95-617,92 STAT. 3117 (1978), EXTENDS FEDERAL JURISDICTION THROUGH THE FEDERAL ENERGY REGULATORY COMMISSION ("FERC") TO:
 "1. THE TRANSMISSION OF ELECTRIC ENERGY IN INTERSTATE COMMERCE;
 2. THE SALE OF ELECTRIC ENERGY AT WHOLESALE IN INTERSTATE COMMERCE; AND
 3. FACILITIES USED FOR THE TRANSMISSION OR WHOLESALE OF ELECTRIC ENERGY IN INTERSTATE COMMERCE." 16 U.S.C.A. 824(B)(1) (WEST 1985).
ELECTRIC ENERGY IS DEEMED TO BE TRANSMITTED IN INTERSTATE COMMERCE WHERE IT IS "TRANSMITTED FROM A STATE AND CONSUMED AT ANY POINT OUTSIDE THEREOF. . . ." ID. 824(C). A JURISDICTIONAL "SALE OF ELECTRIC ENERGY AT WHOLESALE" IS DEEMED TO OCCUR WHERE THERE IS "A SALE OF ELECTRIC ENERGY (IN INTERSTATE COMMERCE) TO ANY PERSON FOR RESALE."
DESPITE EXPRESS LANGUAGE INDICATING THAT FEDERAL REGULATORY AUTHORITY SHOULD NOT EXTEND TO WHOLLY INTRASTATE ACTIVITIES, THE COURTS HAVE CONSTRUED FEDERAL AUTHORITY VERY BROADLY AND, IN SOME INSTANCES, HAVE VIRTUALLY USURPED THE AUTHORITY OF STATES TO REGULATE SUCH ACTIVITIES. IN FACT, THE U.S. SUPREME COURT HAS DETERMINED THAT FEDERAL JURISDICTION WILL ATTACH EVEN WHERE THE CONNECTION TO INTERSTATE COMMERCE IS INDIRECT AND THE AMOUNT OF INTERSTATE ELECTRICITY IS MINIMAL. THERE IS ALSO CASE LAW WHICH INDICATES THAT THE SALE OF ELECTRICITY TO A MUNICIPALITY FOR RESALE AT RETAIL IS SUBJECT TO FEDERAL JURISDICTION WHERE THE INTERSTATE COMMERCE REQUIREMENT IS SATISFIED.
OF COURSE NOT ALL SALES OF ELECTRICITY FOR RESALE ARE SUBJECT TO FEDERAL JURISDICTION. HOWEVER, I CALL THIS POSSIBILITY TO YOUR ATTENTION BECAUSE THE DISTINCTION BETWEEN STATE AND FEDERAL REGULATORY AUTHORITY IS NOT ALWAYS A CLEAR ONE AND IS VERY OFTEN DEPENDENT UPON THE SPECIFIC FACTS AT ISSUE. IN THE EVENT THAT THE FACTUAL SITUATION YOU POSE MEETS THE INTERSTATE COMMERCE CRITERIA, STATE LAW WOULD BE PREEMPTED AND THE FERC WOULD HAVE REGULATORY JURISDICTION OVER THE MATTER.
WITH REGARD TO APPLICABLE STATE LAW, YOUR REQUEST SPECIFICALLY REFERENCES SECTION 437.2(D) OF THE RURAL ELECTRIC COOPERATIVE ACT ("THE ACT") WHICH PROVIDES IN RELEVANT PART THAT:
 "A COOPERATIVE SHALL HAVE POWER . . . (T)O GENERATE, MANUFACTURE, PURCHASE, ACQUIRE, ACCUMULATE AND TRANSMIT ELECTRIC ENERGY AND TO DISTRIBUTE, SELL, SUPPLY AND DISPOSE OF ELECTRIC ENERGY IN RURAL AREAS TO ITS MEMBERS, TO GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS, AND TO OTHER PERSONS(.)" 18 O.S. 437.2(D) (1991).
THE MEMORANDUM ATTACHED TO YOUR LETTER CONCLUDES THAT SINCE THE TERM "RURAL AREAS" APPEARS IN THE CLAUSE DEALING WITH "MEMBERS," THAT RESTRICTION APPLIES ONLY TO SERVICE TO THE COOPERATIVE'S MEMBERS, BUT NOT TO SERVICE TO NON-MEMBER "GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS." IN OTHER WORDS, THE MEMORANDUM CONCLUDES THAT A RURAL ELECTRIC COOPERATIVE CAN RENDER SERVICE TO MEMBERS WHO ARE LOCATED IN "RURAL AREAS," BUT CAN RENDER SERVICE TO NON-MEMBERS WHEREVER THEY ARE LOCATED. IN MY OPINION THIS CONCLUSION IS ERRONEOUS.
THE FUNDAMENTAL PRINCIPLE OF STATUTORY CONSTRUCTION IS TO ASCERTAIN AND, IF POSSIBLE, TO GIVE EFFECT TO THE INTENTION AND PURPOSE OF THE LEGISLATURE AS EXPRESSED IN THE STATUTE. SEE, E.Q., JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, 348 P.2D 26 (OKLA. 1982). WHERE THE LEGISLATURE PLAINLY EXPRESSES ITS INTENT, THERE IS NO ROOM FOR CONSTRUCTION NOR PROVISION FOR FURTHER INQUIRY. SEE, E.Q., HUGHES DRILLING CO. V. MORGAN, 348 P.2D 32 (OKLA. 1982). FURTHER, AN ACT SHOULD BE GIVEN A CONSTRUCTION WHICH IS REASONABLE AND SENSIBLE AND SHOULD NOT BE CONSTRUED SO AS TO LEAD INTO INCONSISTENCY BETWEEN DIFFERENT PARTS AS THEY BEAR UPON EACH OTHER. SEE, E.Q., LANCASTER V. STATE EX REL. HARROD, 426 P.2D 714 (OKLA. 1967).
THE ACT ITSELF CLEARLY EXPRESSES THE INTENT OF THE LEGISLATURE IN ENACTING IT:
 "COOPERATIVE, NONPROFIT, MEMBERSHIP CORPORATIONS MAY BE ORGANIZED UNDER THIS ACT FOR THE PURPOSE OF SUPPLYING ELECTRIC ENERGY AND PROMOTING AND EXTENDING THE USE THEREOF IN RURAL AREAS." 18 O.S. 437.1 (EMPHASIS ADDED).
THE ACT GOES ON TO EXPRESSLY DEFINE THE TERM "RURAL AREA" AS:
 "1. (A)NY AREA NOT INCLUDED WITHIN THE BOUNDARIES OF ANY INCORPORATED OR UNINCORPORATED CITY, TOWN OR VILLAGE, HAVING A POPULATION IN EXCESS OF ONE THOUSAND FIVE HUNDRED (1,500) PERSONS, AND
 2. (A)NY AREA INCLUDED WITHIN THE BOUNDARIES OF ANY SUCH CITY, TOWN OR VILLAGE AS A RESULT, OF INCORPORATION, ANNEXATION, POPULATION GROWTH, OR OTHERWISE, IN WHICH AREA A COOPERATIVE COMMENCED OR COMMENCES THE CONSTRUCTION OR OPERATION OF ELECTRIC FACILITIES OR THE FURNISHING OF ELECTRIC ENERGY PRIOR TO SUCH INCORPORATION, ANNEXATION OR POPULATION GROWTH." ID. 437.28(A).
THE ACT FURTHER PROVIDES THAT IT IS TO BE CONSTRUED LIBERALLY" SO AS TO ACCOMPLISH ITS ENUMERATED, OR LIKE OR SIMILAR PURPOSES. ID. 437.29.
THUS, BY THE EXPRESS PROVISIONS OF THE ACT ITSELF IT IS CLEAR THAT THE ACT WAS INTENDED TO FOSTER AND ENCOURAGE THE EXTENSION OF ELECTRIC SERVICE INTO "RURAL AREAS." ACCORDINGLY, ALL PROVISIONS OF THE ACT, INCLUDING 18 O.S. 437.2(D), MUST BE INTERPRETED SO AS TO FURTHER THIS INTENT.
GIVEN THE ACT'S STATED PURPOSE OF EXTENDING ELECTRIC SERVICE TO "RURAL AREAS," ITS EXPRESS DEFINITION OF THAT TERM, AND ITS EXPRESS REQUIREMENT THAT THE ACT BE LIBERALLY CONSTRUED TO ACHIEVE ITS STATED PURPOSE, I BELIEVE THAT THE "RURAL AREA" RESTRICTION SET FORTH IN 437.2(D) MUST BE CONSTRUED AS APPLYING TO ALL CLASSES OF CUSTOMERS SERVED BY A RURAL ELECTRIC COOPERATIVE, INCLUDING NONMEMBER GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS.
CONSTRUING THE "RURAL AREA" RESTRICTION OF 18 O.S. 437.2(D) AS APPLYING ONLY TO THE COOPERATIVE'S MEMBERS WOULD BE INCONSISTENT WITH THE ACT'S EXPRESS PURPOSE OF PROMOTING ELECTRICAL DEVELOPMENT IN RURAL AREAS. RATHER, SUCH A CONSTRUCTION WOULD TEND TO ENCOURAGE COOPERATIVES TO MARKET THEIR SERVICES TO GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS IN THE MORE DENSELY POPULATED URBAN AREAS, POSSIBLY AT THE EXPENSE OF ITS MEMBERS IN RURAL AREAS. SUCH A CONSTRUCTION IS INCONSISTENT WITH THE EXPRESS INTENTION OF THE ACT.
FOR ALL THE ABOVE-STATED REASONS, IT IS MY OPINION THAT UNDER THE PROVISIONS OF 18 O.S. 437.2(D), A RURAL ELECTRIC COOPERATIVE HAS THE POWER AND AUTHORITY TO SELL ELECTRIC ENERGY TO "GOVERNMENTAL AGENCIES AND POLITICAL SUBDIVISIONS" WHICH ARE NOT MEMBERS OF THE COOPERATIVE, PROVIDED THAT SUCH ENTITIES ARE LOCATED IN A "RURAL AREA," AS DEFINED BY THE ACT, AND SO LONG AS ANY OTHER REQUIREMENTS OF THE ACT ARE SATISFIED.
(RICK D. CHAMBERLAIN)