ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING RURAL WATER DISTRICTS. BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CONTROLLING STATUTES AND CASE LAW, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS UNNECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
YOUR LETTER OF DECEMBER 9, 1992 ASKS, IN EFFECT, THE FOLLOWING QUESTION:
 ASSUMING THAT A RURAL WATER DISTRICT ORGANIZED PURSUANT TO THE PROVISIONS OF 82 O.S. 1324.1 (1991), ET SEQ. HAS WATER DISTRIBUTION LINES AND RETAIL SERVICES ANNEXED INTO THE INCORPORATED LIMITS OF A CITY OR TOWN, CAN THAT CITY OR TOWN UTILIZE THE PROVISIONS OF 68 O.S. 2601 (1991), ET SEQ. TO LEVY AND ASSESS, BY ORDINANCE, AN ANNUAL TAX UPON THE GROSS RECEIPTS OF THE WATER SALES OF 2% IN LIEU OF ANY OTHER FRANCHISE, LICENSE, OCCUPATION OR EXCISE TAX IN LIGHT OF THE EXEMPTION FROM TAXES AND ASSESSMENT GRANTED TO RURAL WATER DISTRICTS BY 82 O.S. 1324.22 (1991)?
 TITLE 68 O.S. 2601 (1991), AUTHORIZES A CITY OR TOWN TO ASSESS AN ANNUAL TAX ON THE GROSS RECEIPTS FROM SALES OF, AMONG OTHER THINGS, WATER. THE TAX IS LEVIED UPON AND PAID BY THE ENTITY MAKING THE SALE. 68 O.S. 2602. TITLE 82 O.S. 1324.22, PROVIDES THAT RURAL WATER DISTRICTS SHALL BE EXEMPT FROM "ALL EXCISE TAXES OF WHATSOEVER KIND OR NATURE". GIVEN THE FACT THAT THE TAX PROPOSED BY YOUR QUESTION IS UPON THE SELLER, THE QUESTION BECOMES: DOES THE EXEMPTION FOUND IN 82 O.S. 1324.22, PRECLUDE A CITY OR TOWN FROM ASSESSING A MUNICIPAL UTILITY TAX ON SALES OF WATER BY A RURAL WATER DISTRICT CREATED PURSUANT TO 82 O.S. 1324.1 (1991), ET SEQ.?
EXEMPTION STATUTES ARE TO BE STRICTLY CONSTRUED AGAINST THE EXEMPTION. BERT SMITH ROAD MACHINERY CO. V. OKLAHOMA TAX COMM'N, 563 P.2D 641 (OKLA.1977). HOWEVER, THE EXEMPTION CONTAINED IN 82 O.S. 1324.22 IS VERY BROAD AND PROVIDES THAT RURAL WATER DISTRICTS SHALL BE EXEMPT FROM ALL EXCISE TAXES. AN EXCISE TAX IS A TAX MEASURED BY THE AMOUNT OF BUSINESS DONE OR THE EXTENT TO WHICH PRIVILEGES HAVE BEEN ENJOYED OR EXERCISED BY THE TAXPAYER. IN RE CITY OF ENID, 158 P.2D 348 (OKLA.1945). THE SECTION 2601 TAX IS MEASURED BY THE TAXPAYER'S GROSS SALES, I.E., BUSINESS DONE, AND IS CLEARLY AN EXCISE TAX.
IN BRANCH TRUCKING CO. V. OKLAHOMA TAX COMM'N., 801 P.2D 686 (OKLA.1990), THE SUPREME COURT REVIEWED THE PROVISIONS OF 18 O.S. 437.25 (1981), WHICH PROVIDE THAT RURAL ELECTRIC COOPERATIVES SHALL PAY A FEE OF $1.00 FOR EACH 100 PERSONS TO WHOM ELECTRICITY IS SUPPLIED WITHIN THE STATE, BUT "SHALL BE EXEMPT FROM ALL OTHER EXCISE AND INCOME TAXES WHATSOEVER." IN REVIEWING THIS EXEMPTION PROVISION, THE COURT OBSERVED THAT THE STATUTE CLEARLY EXEMPTS RURAL COOPERATIVES FROM DAYING ALL OTHER EXCISE AND INCOME TAXES. THE EXEMPTION LANGUAGE CONTAINED IN 82 O.S. 1324.22, IS VERY SIMILAR TO THE LANGUAGE IN 18 O.S. 437.25 (1981), AND IT APPEARS THAT RURAL WATER DISTRICTS ARE EXEMPT FROM PAYING ANY EXCISE TAX INCLUDING THOSE PROVIDED FOR IN 68 O.S. 2601 (1991).
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT RURAL WATER DISTRICTS ARE EXEMPT FROM THE EXCISE TAX LEVIED PURSUANT TO THE PROVISIONS OF 68 O.S. 2601 (1991).
(DOUGLAS F. PRICE)