ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR OPINION REQUEST IN WHICH YOU ASKED, IN EFFECT, THE FOLLOWING QUESTION:
 IS IT A VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT FOR A RURAL ELECTRIC COOPERATIVE ("COOPERATIVE") ORGANIZED PURSUANT TO 18 O.S. 437 (1991), ET SEQ,. TO HAVE A BYLAW PROVISION THAT PROHIBITS A MEMBER OF THE BOARD OF TRUSTEES OF THE COOPERATIVE FROM SERVING AFTER THE AGE OF SEVENTY YEARS?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO THE CONTROLLING STATUTES AND CASE LAW AND IN CONSIDERATION OF SPECIFIC FACTS, THE ISSUANCE OF A FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY. THE DISCUSSION WHICH FOLLOWS IS, THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT RATHER REPRESENTS THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
IN ORDER TO RESPOND TO YOUR QUERY, IT IS NECESSARY TO REVIEW BOTH THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"),29 U.S.C.A. 621, ET SEQ., AND STATUTES GOVERNING THE RURAL ELECTRIC COOPERATIVES, 18 O.S. 437, ET SEQ. THE ADEA GENERALLY PROHIBITS DISCRIMINATION AGAINST AN INDIVIDUAL BY AN EMPLOYER, EMPLOYMENT AGENCY OR LABOR ORGANIZATION ON THE BASIS OF AGE. THE ADEA STATES "IT SHALL BE UNLAWFUL FOR AN EMPLOYER — (1) TO FAIL OR REFUSE TO HIRE OR TO DISCHARGE ANY INDIVIDUAL OR OTHERWISE DISCRIMINATE AGAINST ANY INDIVIDUAL WITH RESPECT TO HIS COMPENSATION, TERMS, CONDITIONS OR PRIVILEGES OF EMPLOYMENT, BECAUSE OF SUCH INDIVIDUALS' AGE."29 U.S.C.A. 623(A)(1). IN LOOKING AT THE ADEA, VARIOUS TERMS ARE DEFINED BY STATUTE. TITLE 29 U.S.C.A. 630(B) DEFINES EMPLOYER AS "A PERSON ENGAGED IN AN INDUSTRY AFFECTING COMMERCE WHO HAS 20 OR MORE EMPLOYEES FOR EACH WORKING DAY IN EACH OF 20 OR MORE CALENDAR WEEKS IN THE CURRENT OR PRECEDING CALENDAR YEAR(.)"
WHETHER A RURAL ELECTRIC COOPERATIVE IS AN EMPLOYER UNDER THIS PROVISION IS A QUESTION OF FACT WHICH THIS OPINION DOES NOT ADDRESS. THE TERM "EMPLOYER" ALSO MEANS (2) A STATE OR POLITICAL SUBDIVISION OF A STATE AND ANY AGENCY OR INSTRUMENTALITY OF A STATE OR A POLITICAL SUBDIVISION OF A STATE(.)" A.G. OPIN. NO. 89-072 CONCLUDED THAT A COOPERATIVE IS NOT A GOVERNMENTAL ENTITY BUT A PRIVATE CORPORATION. THEREFORE, A RURAL ELECTRIC COOPERATIVE IS NOT AN "EMPLOYER" UNDER 29 U.S.C.A. 630(B)(2).
BECAUSE THE ADEA PROHIBITS AGE DISCRIMINATION AGAINST AN INDIVIDUAL WITH RESPECT TO TERMS OF EMPLOYMENT, WE MUST DETERMINE WHETHER THE TRUSTEES OF A COOPERATIVE SERVE IN AN EMPLOYMENT RELATIONSHIP. THE ADEA DEFINES EMPLOYEE AS "AN INDIVIDUAL EMPLOYED BY AN EMPLOYER." 29 U.S.C.A. 630(F). IN THE CONTEXT OF THE QUESTION POSED TO THIS OFFICE, A MEMBER OF THE BOARD OF TRUSTEES OF A COOPERATIVE FORMED UNDER THE PROVISIONS OF 18 O.S. 437 (1991), ET SEQ., WOULD NOT MEET THE CRITERIA OF AN EMPLOYEE UNDER THE ADEA. TITLE 18 O.S. 437.8 STATES "(A) THE BUSINESS AND AFFAIRS OF A COOPERATIVE SHALL BE MANAGED BY A BOARD OF NOT LESS THAN FIVE (5) TRUSTEES, EACH OF WHOM SHALL BE A MEMBER OF THE COOPERATIVE(.)" THE STATUTORY DUTY OF THE BOARD OF TRUSTEES TO MANAGE THE BUSINESS AND AFFAIRS OF THE COOPERATIVE IS MORE LIKE THE FUNCTIONS OF THE BOARD OF A PRIVATE CORPORATION. THE TRUSTEES ARE GIVEN THE POWER TO ELECT OR APPOINT A CHIEF EXECUTIVE AND SUCH OTHER OFFICERS, AGENTS, OR EMPLOYEES DEEMED NECESSARY, AND PRESCRIBE THE POWERS AND DUTIES THEREOF. 18 O.S. 437.8(C) (1991). THUS, THE TRUSTEES ARE ACTING AS DIRECTORS, NOT EMPLOYEES.
A CASE SIMILAR TO THE SITUATION POSED IS SCHOENBAUM V. ORANGE COUNTY CENTER FOR PERFORMING ARTS. INC., 677 F.SUPP. 1036 (C.D.CA.1987), WHEREIN A FEDERAL DISTRICT COURT FOUND THAT THE DIRECTOR/TRUSTEES OF A PERFORMING ARTS CENTER WERE NOT CONSIDERED EMPLOYEES UNDER THE ADEA. THE COURT WAS OF THE OPINION THAT THE DUTIES AND RESPONSIBILITIES OF THE DIRECTOR/TRUSTEES WERE MORE SIMILAR TO THOSE OF A CORPORATE BOARD OF DIRECTORS THAN TRADITIONAL FUNCTIONS OF AN EMPLOYEE. THE TRUSTEES LACKED THE TRADITIONAL EMPLOYER-EMPLOYEE RELATIONSHIP.
THIS SAME RATIONALE CAN BE APPLIED TO THE BOARD OF TRUSTEES OF COOPERATIVES FORMED UNDER 18 O.S. 437, ET SEQ. THE DUTIES AND RESPONSIBILITIES OF THE BOARD OF TRUSTEES ARE TO MANAGE THE BUSINESS AND AFFAIRS OF THE RURAL ELECTRIC COOPERATIVE MUCH LIKE THAT OF A TRADITIONAL CORPORATE BOARD OF DIRECTORS. THEY ARE NOT SERVING THE COOPERATIVE IN AN EMPLOYMENT RELATIONSHIP.
THEREFORE, IT IS MY OPINION THAT THE ADEA DOES NOT ENCOMPASS, AS EMPLOYEES, MEMBERS OF A BOARD OF TRUSTEES OF A RURAL ELECTRIC COOPERATIVE FORMED UNDER THE STATUTES OF THE STATE OF OKLAHOMA, AND A BYLAW PROVISION PROHIBITING ONE FROM SERVING ON SAID BOARD OF TRUSTEES AFTER OBTAINING THE AGE OF SEVENTY YEARS IS NOT A VIOLATION OF THAT ACT.
(CIVIL RIGHTS)
(STEVEN K. SNYDER)