**BERT SMITH ROAD MACHINERY COMPANY, INC., a corporation, Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

**No. 50161.**

Supreme Court of Oklahoma.

April 26, 1977.

McKeever, Glasser, Conrad & Herlihy, by Douglas C. McKeever, Enid, for appellant.

Donald B. Nevard, Gen. Counsel, Oklahoma Tax Commission and Michael Cameron Conaway, Oklahoma City, for appellee.

BARNES, Justice.

This is an appeal from Order No. 63711 issued by the Oklahoma Tax Commission September 2, 1976, in Case No. 3751, said case being titled, "In the Matter of the Protest of Bert Smith Road Machinery Company, Inc., to the Assessment of Additional Tax for the Period October 1, 1972 through September 30, 1975."

Appellant, Bert Smith Road Machinery Company, Inc., is an Oklahoma corporation engaged in the sale of heavy road building and construction equipment with its principal place of business in Enid, Oklahoma.

Appellant timely filed a protest with the Appellee, Oklahoma Tax Commission, hereinafter referred to as "Commission," protesting the assessment of additional sales tax on the sale of a Boeing Drum Mix Asphalt Plant to the McConnell Construction Company of Oklahoma City, Oklahoma, hereinafter referred to as "McConnell Construction," for $343,678.00. The plant was delivered by Appellant to McConnell Construction at a highway construction site near Duncan, Oklahoma. At the time of delivery of the plant, McConnell Construction was in the process of building over two miles of asphalt paving on State Highway 7, under a $1,274,150.00 State contract as contractor of the job. The tax claimed by the Commission was $8,248.26, and that amount was paid under protest by Appellant.

The Commission's Order found that the assessment for sales tax, interest and penalty on the August 16, 1975, sale of the asphalt plant was correct and that Appellant was under a legal obligation as vendor to collect from the purchaser, McConnell Construction, the appropriate sales tax; that for the purposes of the assessment, McConnell Construction was, at the time of the purchase, a contractor and not a manufacturer.

Appellant seeks to have Commission Order No. 63711 reversed and to have the Commission remit to Appellant the sales tax paid under protest.

Appellant contends that McConnell Construction, at the time of the purchase of the asphalt plant and thereafter, was a manufacturer of asphalt, operating a manufacturing plant as defined in the sales tax code and thus exempt from sales tax under 68 O.S.1971, § 1305(p), which provides:

"There is hereby specifically exempted from the tax levied by this Article the gross receipts or gross proceeds derived from the:

\* \* \* \* \* \*

"(p) Sale of machinery and equipment purchased and used by persons establishing new manufacturing or processing

plants in Oklahoma, and machinery and equipment purchased and used by persons in the operation of manufacturing plants already established in Oklahoma; provided, this exemption shall not apply unless such machinery and equipment is incorporated into, and is directly used in, the process of manufacturing property subject to taxation under this Article. The term 'manufacturing plants' shall mean those establishments primarily engaged in manufacturing or processing operations, and generally recognized as such."

Here the Commission does not contend that the asphalt manufacturing plant is not a manufacturing plant. Commission is contending McConnell Construction failed to come within the exemption of § 1305(p), supra, because it was not generally recognized as a manufacturer but as a contractor, and, secondly, at the time the asphalt plant was purchased McConnell Construction was not acting as a seller of asphalt, but as a contractor using the asphalt in its own construction business, bringing it within the purview of 68 O.S.1971, § 1302(h), which provides:

"  *   *   * All contractors are deemed to be consumers or users of all tangible personal property, including materials, supplies and equipment, used or consumed by them in performing any contract and all sales of service and tangible personal property to contractors are taxable sales within the meaning of this Article.  *   *   *"

Appellant relies heavily on the case of *Auxier-Scott Supply Co. v. Oklahoma Tax Commission*, 527 P.2d 159 (Okl.1974), which construed § 1305(p), supra, and held that the sale of ready-mix concrete mixers and necessary accessories to be mounted on trucks for mobility and transportation is exempt from sales tax as a sale of machinery and equipment purchased and used by persons in the operation of manufacturing plants inasmuch as manufacturing or processing operation of ready-mix concrete continues in mobile ready-mix concrete mixer until delivery to the jobsite.

We would agree, as does the Commission, that the mobile asphalt plant in the case at bar is a manufacturing plant, but that is not the question to be decided. Here the Commission held that even though the asphalt plant was a manufacturing plant McConnell Construction was a contractor and the sale of the asphalt plant to it was subject to the provisions of 68 O.S.1971, § 1302(h), supra.

■ Appellant further argues the wording of § 1302(h), supra, is not exclusive and that nothing prevents a company from being a "contractor" and "manufacturer" concurrently. We agree. The exemption statutes are to be strictly construed against exemptions. *Phillips Petroleum Co. v. Oklahoma Tax Commission*, 542 P.2d 1303 (Okl.1975). Thus, Appellant had the burden of showing that McConnell Construction was not primarily a contractor, but primarily a manufacturer, as contemplated within § 1305(p), supra. Appellant's counsel (Tr. 31) stated: "Now admittedly the primary purpose of this company was that they were out here paving highways. . . ." thus conceding the primary use of the asphalt plant was manufacturing asphalt for private use in the performance of its construction business.

■ We do not believe it was the intent of the Legislature that a contractor could avoid paying sales tax on an expensive piece of road construction equipment by merely making casual and isolated sales of the product produced and used.

■ We agree with the Commission that McConnell Construction is primarily a highway contractor and not a manufacturer. The equipment was used primarily in the building of roads and not in the manufacturing of property subject to taxation. Even though McConnell Construction made occasional casual sales, they were not primarily engaged in manufacturing nor generally recognized as such. Contractors are not exempt from paying sales tax on their machinery. 68 O.S.1971, § 1302(h), supra.

Title 68 O.S.1971, § 1304(a), (k), provides:

"There is hereby levied an excise tax of two per cent (2%) upon the gross proceeds

or gross receipts derived from all sales to any person of the following:

"(a) Tangible personal property.

\*      \*      \*      \*      \*      \*

"(k)   \*   \*   \* Sales of service and tangible personal property, including materials, supplies and equipment made to contractors who use the same in the performance of any contract, are hereby declared to be sales to consumers or users and not sales for resale.   \*   \*   \* "

Title 68 O.S.1971, § 1310(a), provides:

"The tax levied hereunder shall be paid by the consumer or user to the vendor, and it shall be the duty of each and every vendor in this State to collect from the consumer or user, the full amount of the tax levied by this Article, or an amount equal as nearly as possible or practicable to the average equivalent thereof."

Appellant's sale to McConnell Construction was a taxable sale under 68 O.S.1971, § 1310(a).

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.