The Attorney General is in receipt of your request for an opinion wherein you ask the following questions: "1 Is the sale of electricity by Rural Electric Cooperatives exempt from taxation under the Oklahoma Sales Tax Code? "2 Since the Sales Tax Code expressly exempts the 'sale of advertising space in newspapers and periodicals and billboard advertising service' (68 O.S. 1305 [68-1305](n)), may the exemption be expanded to include radio and television advertising? "3 If electronic media advertising is subject to state sales tax, must the vendor station collect and remit a sales tax on a pro rata value for national advertising beamed or broadcast to consumers in Oklahoma?" Title 68 O.S. 1304 [68-1304] (1971), levies an excise tax upon the gross proceeds derived from specified sales. It provides in pertinent part: "There is hereby levied an excise tax of two per cent (2%) upon the gross proceeds or gross receipts derived from all sales to any person of the following: "(b) Natural or artificial gas, electricity, ice, steam, or any other utility or public service, except water. "(i) Advertising of all kinds, types and characters, including any and all devices used for advertising purposes and the servicing of any advertising devices." Emphasis added Title 68 O.S. 1305 [68-1305] (1975), specifically exempts the following transaction from the aforesaid tax: "(n) Sale of advertising space in newspapers and periodicals and billboard advertising service. Exemption statutes are to be strictly construed against the exemption. Bert Smith Road Machinery Co. v. Oklahoma Tax Commission, 563 P.2d 641 (Okl. 1977). The sale of electricity is subject to the Oklahoma Sales Tax Code pursuant to 68 O.S. 1304 [68-1304](b), and is not specifically exempted by any provisions of 68 O.S. 1305 [68-1305]. Rural Electrical Cooperatives are, however, subject to the exemption set forth in 18 O.S. 437.25 [18-437.25] (1971), which provides: "Each cooperative and each foreign corporation transacting business in this State pursuant to this Act shall pay annually, on or before the thirty-first day of August, to the Oklahoma Tax Commission, a fee of one dollar ($1.00) for each one hundred (100) persons or fraction thereof to whom electricity is supplied within the State by it, as of June thirtieth preceding, but shall be exempt from all other excise and income taxes whatsoever." Emphasis added Title 68 O.S. 1304 [68-1304] (1971), expressly levies an excise tax upon the gross proceeds or gross receipts derived from the enumerated sales. After requiring that cooperatives pay an annual fee equal to the aggregate sum of one dollar for each one hundred persons to whom electricity is supplied, 18 O.S. 437.25 [18-437.25] (1971), exempts cooperatives from all other excise taxes whatsoever. Whether or not the excise tax levied by 68 O.S. 1304 [68-1304] (1971), is within that exemption turns on the language in the statute levying the tax. That language does not reflect a legislative intent that the excise tax be levied upon the specified sales, but that it be levied upon the gross proceeds or gross receipts derived from such sales. The definition of "gross receipts" or "gross proceeds" in 68 O.S. 1302 [68-1302](d) (1971), hinges upon the "total amount of consideration for" the sale of specified services, and does not vary the clear import of "proceeds," "receipts" and "derived from" as used in 68 O.S. 1304 [68-1304]. Title 68 O.S. 1310 [68-1310] (1977), provides in pertinent part: "(a) The tax levied hereunder shall be paid by the consumer or user to the vendor, and it shall be the duty of each and every vendor in this state to collect from the consumer or user the full amount of the tax levied by this article . . ." Emphasis added The duty of vendors to collect from consumers excise taxes pursuant to 68 O.S. 1310 [68-1310] is derivative from the tax levy imposed by 68 O.S. 1304 [68-1304]. The duty imposed is to collect "the tax levied by this article." Title 18 O.S. 437.25 [18-437.25] (1971), however, does not purport to exempt cooperatives merely from the duty to pay excise taxes. It provides that cooperatives shall be exempt from all other excise taxes whatsoever. That exemption embraces the duty to collect excise taxes imposed by 68 O.S. 1310 [68-1310]. The tax levied by 68 O.S. 1304 [68-1304] is an excise tax upon the gross proceeds or gross receipts derived from specified sales, including the sale of electricity. The statutory exemption of Rural Electric Cooperatives from all excise taxes whatsoever does not exclude the duty to collect the excise tax so levied. Opinion No. 63-217, issued April 11, 1963, a copy of which is attached, considered a proposed amendment to 18 O.S. 437.25 [18-437.25] (1961), which would have excepted from the exemption "gross receipts derived from sales to industrial or commercial customers." That Opinion concluded: ". . . that at the present time the corporations referred to therein are exempt from 'the excise tax of two per cent' . . ." It further concluded that the proposed amendment would be valid if enacted into law. No authority has been discovered impairing either of those conclusions. Title 68 O.S. 1304 [68-1304](i) (1971), levies the excise tax imposed by that section upon the sale of advertising "of all kinds, types and character." 68 O.S. 1305 [68-1305](n) exempts the sale of advertising space in newspapers and periodicals and billboard advertising service. The wording does not expressly include electronic media advertising, nor is such advertising elsewhere exempted. The rule requiring that exemption statutes be strictly construed, Bert Smith Machinery Co. v. Oklahoma Tax Commission, supra, necessitates that the restrictive language of 68 O.S. 1305 [68-1305](n) be viewed against the broad scope of advertising included within 68 O.S. 1304 [68-1304](i). The two statutes reflect a legislative intent that electronic media advertising not be exempt from 68 O.S. 1304 [68-1304]. Title 68 O.S. 1302 [68-1302](c) (1971), defines the term "sale" to mean the transfer of title or possession of tangible personal property "for valuable consideration." After embracing other types of transfers within that definition, 68 O.S. 1302 [68-1302](c) provides: ". . . The term 'sale' shall not include the furnishing or rendering of service or services, except as herein otherwise provided." Emphasis added 68 O.S. 1304 [68-1304](i) delineates an express exception which brings advertising "of all kinds, types and characters, including any and all devices used for advertising purposes," within the ambit of the excise tax. The excise tax is levied upon the gross receipts "from all sales." 68 O.S. 1304 [68-1304]. It may not be avoided by purchasing property outside of the State and, then, bringing it into the State for use or consumption. Southeastern, Inc. v. Oklahoma Commission, 351 P.2d 739
(Okl. 1960). The right of the State to levy the tax is limited to sales made within the State. Ex Parte Winn,61 Okla.Crim. 1, 64 P.2d 927 (1937). The third question focuses upon a service which is interstate in character. Does the imposition of a state tax upon the in-state pro-rata value of such service burden interstate commerce? The question turns on whether the service furnished outside of Oklahoma is primary or merely incidental to a primary service which is local in character. Tad Screen Advertising v. Oklahoma Tax Commission, 126 F.2d 544 (10th Cir. 1942). A transaction whereby an out-of-state broadcaster, for valuable consideration, undertakes to render an advertising service nation-wide is primarily interstate in character, and its pro-rata value in Oklahoma as to that portion which is transmitted in-state is merely incidental to such service. In the absence of an in-state transaction, vendor stations selling electronic media advertising for nation-wide broadcasting are not required to collect and remit a sales tax on the pro-rata value of such advertising transmitted to consumers in Oklahoma. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The sale of electricity by Rural Electric Cooperatives is exempt from taxation under the Oklahoma Sales Tax Code. 2. The exemption from the Oklahoma Sales Tax Code of advertising space in newspapers and periodicals and billboard advertising service under 68 O.S. 1305 [68-1305](n) (1975), does not include radio and television advertising services. 3. In the absence of an in-state transaction, vendor stations selling electronic media advertising for nation-wide broadcasting are not required to collect and transmit a sales tax on the pro-rata value of such advertising transmitted to consumers in Oklahoma. (JOHN PAUL JOHNSON) (ksg) ** SEE: BRANCH TRUCKING COMPANY V. OTC, 801 P.2d 686
(1990) **