IMAGING SERVICES, INC., Appellant,

v.

OKLAHOMA TAX COMMISSION,
EXCISE TAX DIVISION,
Appellee.

No. 76632.

Supreme Court of Oklahoma.

Dec. 21, 1993.

Charles L. Fagin, R. Amanda McInnis, Fagin & Fagin, P.C., Oklahoma City, for appellant.

Carolyn H. Thomson, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, for appellee.

HARGRAVE, Justice.

■ We granted certiorari to review memorandum opinion of the Court of Appeals, Division I, affirming Tax Commission's assessment of excise tax on transfer of title to aircraft to corporation as trustee on behalf of the owners. The question is whether the transfer of title by the limited partnership to the general partner, a corporation, as trustee, in order to comply with FAA registration requirements, was a taxable transfer of legal ownership under the Aircraft Excise Tax Act, 68 O.S. § 6001 et seq. We hold that it was not.

The facts are stipulated. In November, 1986, Physicians Transportation, Inc., an Oklahoma corporation, was formed. Equal shares of voting common stock were issued to the three shareholders: Glen Ashmore, Michael T. Duffy, and James A. Baker. On April 15, 1987 the directors authorized purchase of a Rockwell International 1977 690B Aerocommander airplane. In December, 1988, Physicians Transportation, Inc., was dissolved and the corporation transferred an undivided ⅓ interest in the airplane to each shareholder (Ashmore, Duffy and Baker) by a bill of sale filed with the Federal Aviation Administration (FAA).

On December 30, 1988 Ashmore, Duffy and Baker, formed Physicians Air, Ltd., an Oklahoma limited partnership. Imaging Services,

Inc., an Oklahoma corporation, was the general partner. The equitable owners of Imaging Services, Inc. are Ashmore, Duffy and Baker. On January 2, 1989, Ashmore, Duffy and Baker transferred all their interest (by non-FAA bill of sale) in the airplane to the newly-created Physicians Air, Ltd. When Physicians Air, Ltd., attempted to register its title to the aircraft with the FAA, the registration was rejected because one of the partners, Imaging Services, Inc., is a corporation. They were informed by the Aeronautic Center counsel that an airplane owned by a partnership with a corporate partner is not eligible for registration with the FAA.[1]

The Aeronautic center's counsel informed Physician's Air, Ltd., that pursuant to 14 CFR 47.7(c), a partnership in which all members are citizens of the United States, including a corporation, may establish a trust and transfer legal title of the aircraft to the trustee. The partnership can be the beneficiary under the trust, even if its members include a corporation.

In order to file for registration with the FAA, Physicians Air, Ltd. transferred legal title to the airplane to Imaging Services, Inc., as trustee, pursuant to Trust Agreement dated January 2, 1989. Under the Trust Agreement, Imaging Services was to have only the power to hold bare legal title to the airplane. Duffy, Ashmore and Baker are the sellers on the aircraft bill of sale to Imaging Services, as trustee. The registration was filed with the FAA on February 9, 1989 by Imaging Services, as trustee. The airplane was registered with the Oklahoma Tax Commission on February 13, 1989 pursuant to Title 3 O.S. § 251 et seq.

The Oklahoma Tax Commission's Motor Vehicle Division, Aircraft Section, assessed an aircraft excise tax, penalty and interest on the transfer of the airplane to Imaging Services, Inc., as trustee. Imaging Services filed a protest to the assessment, relying on 68 O.S.Supp.1986 § 6003(H), which provided

that aircraft shall be exempt from the Aircraft Excise Tax section when:

"Aircraft transferred to a partnership when the organization of the partnership is by the former owners of the aircraft. However, the former owners of the aircraft must have control of the partnership in proportion to their interest in the aircraft prior to the transfer."

The former owners of the aircraft, Ashmore, Duffy and Baker, transferred the airplane to the limited partnership and had control of the partnership proportionate to their interest in the airplane. The transfer from the limited partnership to the general partner, Imaging Services, Inc., as trustee, was a transfer of legal title by bill of sale in order to comply with the FAA registration requirements. The Oklahoma Tax Commission argues that the transfer is not specifically listed as one of the § 6003 exemptions from the Aircraft Excise Tax, so no exemption can be given. However, the Tax Commission admits that the transfer to the limited partnership was an exempt transaction under § 6003(H).

Title 68 O.S. § 6002 provides for levy of the excise tax of 3¼ percentum of the purchase price of each aircraft that is to be registered with the FAA, upon *the transfer of legal ownership* of any such aircraft or the use of any such aircraft in this state. The tax shall be due at the time of the transfer of legal ownership or first registration in this state.

Section § 6003 contains the exemptions for various transfers. The prior transfer upon dissolution of Physicians Transport Inc. to Ashmore, Duffy and Baker was exempt under section (F) of § 6003, which provides an exemption for aircraft transferred in connection with the dissolution or liquidation of a corporation if included in a payment in kind to the shareholders. Section (G) provides an exemption for aircraft transferred to a corpo-

---

1. Title 49 U.S.C.App. 1301(16), § 101(16) of the Federal Aviation Act of 1958, provides that only citizens of the United States may register an aircraft with the FAA. "Citizen of the United States" is defined there as: (a) an individual who is a citizen of the United States ..., or (b) a partnership of which each member is such an

individual, or (c) a corporation ... created or organized under the laws of the United States ... of which the president and ⅔ or more of the board of directors ... are such individuals and in which at least 75 percentum of the voting interest is owned or controlled by ... citizens of the United States...."

ration for the purpose of organizing such corporation where the former owners of the aircraft have control of the corporation in proportion to their interest in the aircraft prior to the transfer. Section (J) provides an exemption for aircraft transferred or conveyed to a partner or other person who after such sale owns a joint interest in the aircraft and on which the sales or use tax or excise tax has previously been paid on the aircraft. Other exemptions are given when legal ownership of the aircraft is obtained by a lienholder or mortgagee under or by foreclosure of a lien or mortgage as provided by law, or when an aircraft is transferred between husband and wife or parent and child where no valuable consideration is given.[2]

The Oklahoma Tax Commission's position is that there was no statutory basis for exempting the transfer to Imaging Services, Inc., as trustee, nor any prior written policy that would permit them to do so. The Tax Commission's position letter stated that Imaging Services clearly established an Oklahoma limited partnership and vested title to the aircraft in the partnership. The Tax Commission admits that if title had rested there, the transfer would have been exempt under 68 O.S. § 6003(H).

While acknowledging the preemptive nature of federal statutes governing aircraft registration, the Commission felt this did not restrict the State in its "inherent power to tax," and that exemptions must be narrowly construed. Thus, they argue, although federal law may have prevented protestant from holding title to the aircraft in the manner originally desired, the subsequent transfer of legal title to the general partner is not a transfer clearly within the language of the exemption asserted, and the Aircraft Division of Oklahoma Tax Commission is without authority to expand upon its past interpretation of "legal ownership" so as to cast that definition onto the beneficial owners in a trust situation, even where the status of the beneficial owners would otherwise entitle them to the exemption. They assert that legal title is to be construed as "legal ownership" for pur-

poses of administering the Aircraft Excise Code.

The Administrative Law Judge concluded as a matter of law that since "legal ownership," is not defined in the Aircraft Excise Tax Act, the definition of legal ownership in the Vehicle Excise Tax Act should be applied. Legal ownership under the Vehicle Excise Tax is defined at 68 O.S.1981 § 2101(*l*) as "the right to possession, whether acquired by purchase, barter, exchange, assignment, gift, operation of law or in any other manner." The administrative law judge further concluded that the evidence indicated that Imaging Services is the legal owner of the aircraft because "[p]rotestant has all right, title and interest in and to the aircraft notwithstanding its status as trustee." While admitting that registration of the aircraft with the FAA is not indicative of legal ownership of the aircraft, he held that the aircraft bill of sale evidenced a transfer of legal ownership to the aircraft. Unless the transfer is otherwise exempt under 68 O.S. § 6003, the administrative law judge felt that the transfer under consideration was subject to the aircraft excise tax. His rationale was that exemption statutes are strictly construed against the exemption, citing *Phillips Petroleum Co. v. Oklahoma Tax Commission*, 542 P.2d 1303, (Okla.1975). *Phillips* was a case where construction of the entire statute indicated no reason why the limit on gross production tax on the royalty interests of Osage Indians should also apply to the lessee, Phillips Petroleum. The administrative law judge also concluded that in order to be entitled to an exemption, the taxpayer has the burden of proving that the transaction falls squarely with the exemption, citing *Bert Smith Road Machinery Company, Inc. v. Oklahoma Tax Commission*, 563 P.2d 641 (Okla.1977), where when an exemption for sale to a manufacturer was sought, we said the sale was to a contractor so that the manufacturing exemption would not apply. However, in any case it must first be determined that a taxable transfer has occurred before the exemption section applies.

**2.** An additional exemption was added by Laws 1993, Ch. 41 § 1 to exempt: "Aircraft which is transferred without consideration between an in-

dividual and an express trust which that individual or the spouse, child or parent of that individual has a right to revoke."

■ We find that the Oklahoma Tax Commission erred in determining that a taxable transfer occurred. The same beneficial owners have remained the aircraft's owners throughout each of the transfers. The Tax Commission fails to interpret the meaning of the statute in its entirety. *See, Affiliated Management Corp. v. Okla. Tax Comm.*, 570 P.2d 335, 337 (Okla.1977). It is important to ascertain the legislative intent and any ambiguity or doubt as to two possible constructions must be resolved in favor of the taxpayer. *Wilson v. Oklahoma Tax Commission*, 594 P.2d 1210, 1212 (Okla.1979).

The Commission's conclusion of law as to the transfer of legal ownership is erroneous. Appellant specifically does *not* have all right, title and interest in the aircraft. The Trust Agreement spells out in great detail that the transfer is of bare legal title only. The FAA Aircraft Bill of Sale was from Duffy, Baker and Ashmore to Imaging Services, Inc. as Trustee, not from the limited partnership to Imaging Services. The transfer was excluded (rather than exempted) from operation of the tax. The Tax Commission argues that the case does not fall under a specific exemption; the Tax Commission does not show that it was a taxable transfer in the first place. Even using the definition of legal ownership used by the Tax Commission from the Motor Vehicle Code, a transfer of possession clearly did not occur under the terms of the Trust Agreement.

Here, the aircraft was transferred to a partner who owns a joint interest in the aircraft. The limited partnership featured Imaging Services Inc. as the general partner and the transfer was to Imaging Services, Inc. as trustee. Unquestionably, no sale occurred; the transfer was of bare legal title, held in trust for the use and benefit of the limited partnership. There is no contention that Imaging Services Inc. is not made up of the same beneficial owners who transferred to it in the first place. Transfer of bare legal title is not the same as transfer of legal ownership as contemplated by the statute in order to trigger the sales tax assessment. While legal title was "transferred" in the sense that title is now held in a different manner, the change of legal ownership con-

templated by the statute, by the Tax Commission's own definition, involves a change of ownership and possession. Since there was no transfer of beneficial ownership and no right to possession of the property transferred in the transaction complained of, we find that the Tax Commission erred in assessing the tax on the transfer.

CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, OPINION OF COURT OF APPEALS IS VACATED; ORDER OF THE TAX COMMISSION IS REVERSED.

All Justices concur.