Dear District Attorney Mark Campbell
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 May a County Assessor waive the statutory filing deadlines under 68 O.S. Supp. 2002, §§ 2902[68-2902], 2902.1 or 2902.2 for good cause, and grant the exemption if he or she feels it is in the best interest of the public?
 Analysis
¶ 1 The statutes you list which are the subject of this Opinion provide exemptions from ad valorem taxes. Manufacturing facilities are eligible for an exemption from ad valorem taxes for up to five years. Okla. Const. art. X, § 6B(A); 68 O.S.Supp. 2002, § 2902[68-2902](A). Section 2902.1(1) of Title 68 applies to manufacturing facility exemptions originally filed before July 1, 1993. All possible five-year exemption claims under this section have been paid; therefore, this statute no longer applies. Property moving through Oklahoma in interstate commerce is eligible for a yearly exemption from ad valorem taxes. Okla. Const. art. X, § 6A;[1] 68 O.S. Supp. 2002, § 2902.2[68-2902.2].
¶ 2 On or before March 15, a taxpayer[2] must file with the County Assessor a rendition listing personal property owned as of January 1 of each year. 68 O.S. 2001, § 2836[68-2836].[3] No rendition of real property is required by the owner. Id. The rendition of the taxpayer's personal property is not conclusive of value.[4] A County Assessor can increase the valuation of real property from the preceding year and the rendered value of personal property pursuant to 68 O.S. 2001, § 2876[68-2876](A). Although there is no time limit on the County Assessor increasing the value, there are time limits to complete the appeals process.[5]
¶ 3 The exemption for manufacturing facilities from ad valorem taxes provides:
 Any person, firm or corporation claiming the exemption herein provided for shall file each year for which exemption is claimed, an application therefor with the county assessor of the county in which the new, expanded or acquired facility is located. The application shall be on a form or forms prescribed by the Tax Commission, and shall be filed before March 15, except as provided in Section 2902.1 of this title, of each year in which the facility desires to take the exemption or within thirty (30) days from and after receipt by such person, firm or corporation of notice of valuation increase, whichever is later.
68 O.S. Supp. 2002, § 2902[68-2902](E) (emphasis added). The exemption from ad valorem taxes for tangible personal property moving through Oklahoma provides:
 Any person, firm, or corporation claiming the exemption provided in Section 6A of Article X of the Oklahoma Constitution, relating to property moving through the state in interstate commerce, shall file an application with the county assessor for each year for which the exemption is claimed. The application shall be on a form prescribed by the Oklahoma Tax Commission and shall be filed on or before March 15 of the year in which the person, firm, or corporation desires to take the exemption. Applications must be filed in the year in which the exemption is requested.
Id. § 2902.2 (emphasis added). "In the construction of statutes, `shall' is usually given its common meaning of `must.' It is interpreted as implying a command or mandate." Sneed v.Sneed, 585 P.2d 1363, 1364 (Okla. 1978). Unless the County Assessor increases the valuation of real property from the preceding year or the rendered value of a taxpayer's personal property, the application for exemption from ad valorem taxes of a manufacturing facility must be filed before March 15. 68 O.S.Supp. 2002, § 2902[68-2902](E). The ad valorem tax exemption for tangible personal property moving through Oklahoma must be filed on or before March 15. Id. § 2902.2.
¶ 4 Furthermore, in Oklahoma it is a well-settled rule that statutes exempting property from taxation are strictly construed against exemptions. Bert Smith Road Mach. Co. v. Okla. TaxComm'n, 563 P.2d 641, 643 (Okla. 1977); McDonald's Corp. v.Okla. Tax Comm'n, 563 P.2d 635, 641 (Okla. 1977); PhillipsPetroleum Co. v. Okla. Tax Comm'n, 542 P.2d 1303, 1305 (Okla. 1975).[6] Under this rule of construction, exemptions from ad valorem taxes pursuant to 68 O.S. Supp. 2002, §§ 2902[68-2902] and 2902.2, must be strictly construed against the existence of an exemption.
¶ 5 While the term "good cause" is mentioned throughout the Oklahoma Statutes, that term is not mentioned in those statutes which are the subject of this Opinion request. Within the Oklahoma Tax Code,[7] the term "good cause" occurs seven times.[8] Specific to the Ad Valorem Tax Code is 68 O.S.2001, § 2857[68-2857](A), which provides:
 The Tax Commission may grant an extension without penalty, upon written request of the taxpayer [public service corporation] and for a good cause, of not to exceed fifteen (15) days for the filing of the returns as required by the Ad Valorem Tax Code.
Id. (footnote omitted) (emphasis added). "Best interests of the public" is not mentioned in the Oklahoma Tax Code. There are five references to the term within the Oklahoma Statutes.[9] We conclude that the Legislature does not intend for a County Assessor to consider waiving the filing deadlines for good cause, or grant the exemption if he or she feels it is in the best interest of the public. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham,394 P.2d 456, 460 (Okla. 1964).
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The application for exemption from ad valorem taxes of manufacturing facilities pursuant to 68 O.S. Supp. 2002, § 2902(E), must be filed with the County Assessor before March 15 of each year unless there is an increase of real property from the preceding year, or an increase in the valuation of the taxpayer's rendered personal property pursuant to 68 O.S. 2001, § 2876, in which case it must be filed the later of thirty days from receipt of the notice of valuation increase or March 14.
 2. The application for exemption from ad valorem taxes of tangible personal property moving through Oklahoma pursuant to 68 O.S. Supp. 2002, § 2902.2, must be filed with the County Assessor on or before March 15 each year.
 3. A County Assessor cannot consider "good cause" or "best interests of the public" for applications exempting ad valorem taxes pursuant to 68 O.S. Supp. 2002. §§ 2902(E) or 2902.2, which are filed after the statutory deadlines.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DAVID L. KINNEY Assistant Attorney General
[1] The Oklahoma Constitution contains two Section 6A provisions in Article X, one dealing with tangible personal property moving through Oklahoma, and the other dealing with the exemption from ad valorem or other taxes for intangible personal property. Title 68 O.S. Supp. 2002, § 2902.2[68-2902.2] deals with the former section.
[2] Corporations other than public service corporations must file on or before March 15 pursuant to 68 O.S. 2001, § 2838[68-2838](A).
[3] Renditions for household goods of the heads of families and livestock employed in support of the family are not required in counties that have approved ad valorem tax exemptions pursuant to Okla. Const. art X, § 6(b).
[4] 68 O.S. 2001, § 2818[68-2818](A).
[5] The statutory time lines in Title 68 for an increase in value by a County Assessor are as follows:
A. Section 2876(C) — written notice to the taxpayer within 1 day of the increase.
B. Section 2876(D) — Taxpayer has 20 calendar days from date of notice to file a written complaint.
C. Section 2876(F) — County Assessor shall schedule an informal hearing with the taxpayer.
D. Section 2876(F) — County Assessor shall take final action within 5 days of the informal hearing.
E. Section 2876(F) — Written notice shall be mailed within 1 day of the final action.
F. Section 2876(F) — Taxpayer has 10 working days to appeal to the County Board of Equalization.
G. Section 2877(A) — County Board of Equalization schedules hearing and renders decision.
H. Under Section 2863(A), a County Board of Equalization commences hearing cases on "April 1, or the first working day thereafter, and ending not later than May 31." In all counties a special session may be called if the board determines that the number of protests pending makes it impractical to complete hearing and adjudication prior to May 31. The special session can run from June 1 to no later than July 31. The special session must be requested no later than May 15 and approved by the County Budget Board.
To complete this process within these statutory time constraints, an increase in valuation by the County Assessor needs to occur no later than May 1 of the year.
[6] Precedential decisions from the Oklahoma Tax Commission adjudicating ad valorem tax issues follow these holdings. See1997 WL 569020 (Okl.Tax.Com.); 1995 WL 631835 (Okl.Tax.Com.);1995 WL 631844 (Okl.Tax.Com.); 1995 WL 597602 (Okl.Tax.Com.).
[7] 68 O.S. 2001 Supp. 2002, §§ 101-55004.
[8] See 68 O.S. 2001, §§ 216[68-216]; 500.23(C); 500.34(B)(4); 814; 1010(D)(1), (2); 3025; 68 O.S. Supp. 2002, § 2358[68-2358](D)(5)(c)(2).
[9] 3A O.S. 2001, § 205.2[3A-205.2](C); 22 O.S. 2001, § 982a[22-982a](A);22 O.S. Supp. 2002, § 991a[22-991a](E); 57 O.S. 2001, § 512[57-512](2);59 O.S. 2001, § 887.13[59-887.13](9).